FILED

2017 Jul-05 PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA



**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**TUSCALOOSA DIVISION**

2017 JUL -5 P 2: 43

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| CHRISTOPHER BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| T AND M CONCRETE, INC. and | ) | |
| TIM HARDY | ) | |
| | ) | **6:17-cv-01132-JHE** |
| Defendants. | ) | |
| | / | |

## C O M P L A I N T

COMES NOW, the Plaintiff, CHRISTOPHER BUSH (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues T AND M CONCRETE, INC. and TIM HARD (hereinafter referred to as "Defendants"), and alleges:

### JURISDICTION AND VENUE

1.  This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, brought to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA"). Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2.  This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.  Venue lies in the District Court of the Northern District of Alabama as the Defendants reside in and/or transact business in this District. In addition, a

substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4.    The Defendants own and/or operate a flooring business that does business as, or is otherwise known as, T and M Concrete, Inc., which was previously located at 441 CO Road 89, Fayetta, AL 35555 and has since moved to 12158 Finnel Cut Off Drive, Fayette, AL 35555.

5.    Plaintiff, CHRISTOPHER BUSH, was an employee of the Defendants during the three (3) years before the date on which this Complaint was filed.

6.    Plaintiff, CHRISTOPHER BUSH, worked for the Defendants at their business located in Fayette, Alabama.

7.    At all times material herein, Plaintiff was an employee of the Defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1).

8.    Defendant, T AND M CONCRETE, INC., is a for-profit domestic corporation duly licensed and organized under the laws of the State of Alabama and transacts, conducts, and/or is engaged in business in the State of Alabama including, but not limited to, the Fayette, AL area.

9.    Defendant, TIM HARDY, is an/the owner, operator, president, officer, incorporator, director, and/or is otherwise a management employee of T AND M CONCRETE, INC.

10.   Defendants, at all times material, are "employers" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

11.     The Defendant, T AND M CONCRETE, INC., is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

12.     The Defendant, TIM HARDY, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

13.     The Defendants' operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

14.     The Defendants, as part of their business, engage in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with foreign corporations which are part of interstate commerce, by purchasing restaurant equipment, furniture, food and food products, materials, and supplies from wholesalers, dealers, and suppliers out of state which are part of interstate commerce, by advertising and soliciting business on the World Wide Web and other mediums to potential clients and customers inside and outside of Alabama, and by transacting business across state lines, all of which are part of interstate commerce.

15.     Furthermore, the Defendants obtain, exchange, and send/receive funds to and from outside of the State of Alabama, use telephonic transmissions going outside of the State of Alabama to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Alabama.

16.     The Defendant, T AND M CONCRETE, INC., has annual revenue of at least five hundred thousand dollars ($500,000.00).

17.    The Defendant, TIM HARDY, has annual revenue of at least five hundred thousand dollars ($500,000.00).

18.    Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

19.    The Defendants control the day to day operations of T and M Concrete, Inc. and are actively involved in the day to day operations of same including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals, marketing, determining menu items and pricing, and other business operations.

20.    Defendants supervise the operations of T and M Concrete, Inc. including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

21.    The Plaintiff became an employee of and began working for the Defendants in or about April 2016. The Plaintiff worked for the Defendants through approximately September 2016.

22.    Plaintiff was an employee of the Defendants and worked as and performed the essential duties of a laborer, finisher and various other tasks.

23.    Plaintiff was also individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his duties for the Defendants.

24.    At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, having the ability to

terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid, setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

25. The Plaintiff was a "non-exempt" employee of the Defendants as defined under the meaning of FLSA.

26. The Plaintiff was an hourly employee.

27. The Plaintiff worked the number of hours required of him by the Defendants, but was not paid the appropriate wages for each and every hour worked during a work week.

28. The Plaintiff worked over forty (40) hours in a work week for the Defendants, but was not paid overtime compensation at the proper overtime rate by the Defendants for those hours worked over forty (40) in a work week.

29. For hours worked over forty (40) in a work week by the Plaintiff, the Defendants would pay the Plaintiff at his regular rate instead of the applicable overtime rate as required by the FLSA.

30. The Defendants are each and jointly involved with paying the Plaintiff.

31. The records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

32. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable overtime compensation, as required by the FLSA, were willful and not in good faith.

33.     Plaintiff has retained the undersigned attorneys and is obligated to pay them a
reasonable fee for their services pursuant to the FLSA.

## COUNT I - FAILURE TO PAY OVERTIME UNDER THE FLSA

34.     Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-three (33)
as if fully set forth and referenced herein.

35.     The Defendants hired the Plaintiff in or about April 2016 to work for them at their
business, T and M Concrete, Inc., located in Fayette, Alabama.

36.     During his time as an employee of the Defendants, the Plaintiff worked as and
performed the essential duties of, but not limited to, laborer, finisher and various
other tasks.

37.     On average, the Plaintiff worked approximately sixty (60) hours per work week
for the Defendants.

38.     Section 207(a)(1) of the FLSA prohibits an employer from employing its non-
exempt employees for a work week longer than forty (40) hours, unless such
employee receives compensation for all hours he or she is employed in excess of
forty hours at a rate not less than one and one-half times the regular rate of pay.

39.     The Plaintiff was not exempt from receiving overtime compensation under the
FLSA.

40.     As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his
regular hourly rate for each hour worked in excess of forty (40) in a work week.

41.     The Defendants employed Plaintiff in excess of forty (40) hours in at least one
work week without paying him at a rate of one and one half (1 ½) times his
regular rate of pay for all hours worked in excess of forty (40) in the work week

as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

42. As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times his regular rate of pay for all hours his worked in excess of 40 hours for each week he was employed by the Defendants and for which he was not paid one and one half times (1 ½) his regular rate.

43. Defendants knew and were aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

44. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work week.

45. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

46. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

47. Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

48. As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A.    Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B.    Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

C.    Award Plaintiff an equal amount in liquidated damages;

D.    Award Plaintiff reasonable attorney's fees and costs of suit; and

E.    Grant such other and further relief as this Court deems equitable and just.

### **JURY TRIAL IS DEMANDED**

DATED this 22nd day of June, 2017.

Respectfully submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
AL Bar No. ASB-1579-L64J
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Counsel for Plaintiff*